NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAUL REYES,                          :        Civil No.   06-3819  (NLH)
                                     :
              Petitioner,            :
                                     :
        v.                           :        OPINION
                                     :
CHARLES SAMUELS,                     :
                                     :
              Respondent.            :
                                     :

APPEARANCES:

        Raul Reyes, Plaintiff pro se
        # 43502-054
        F.C.I. Fort Dix
        P.O. Box 7000
        Fort Dix, New Jersey 08640

        Christopher J. Christie, United States Attorney
        J. Andrew Ruymann, Assistant U.S. Attorney
        402 East State Street
        Room 430
        Trenton, New Jersey  08608

HILLMAN, District Judge

        Petitioner, Raul Reyes ("Reyes"), a federal prisoner

confined at F.C.I. Fort Dix in Fort Dix, New Jersey, brings this

petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241, seeking his immediate release based on his challenge to the

Bureau of Prison's ("BOP") calculation of his federal sentence.

The named respondent is the Warden, Charles Samuels, at F.C.I.

Fort Dix.

On October 26, 2006, respondent submitted a response to the petition with documents to be filed under seal.  The Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition.

I.   BACKGROUND

On December 16, 1998, the United States District Court for the Southern District of New York sentenced Reyes to a prison term of 37 months on his federal convictions for conspiracy to possess and distribute heroin and possession with intent to distribute heroin.  Reyes was ordered to voluntarily surrender to BOP custody on January 18, 1999.  Reyes failed to appear for a conference scheduled on January 15, 1999, and a warrant was issued for his arrest.  He did not surrender to BOP custody on January 18, 1999.

On July 21, 2000, Reyes was arrested in New York City on state charges of possession of a controlled substance.  Reyes was using an alias at that time.  On March 8, 2001, while Reyes was in state custody, the U.S. Marshals arrested Reyes on the federal warrant for failure to appear for service of his federal sentence.  On March 9, 2001, Reyes was transferred to federal custody on the federal failure to appear charge, pursuant to a writ of habeas corpus ad prosequendum.  Reyes pled guilty and the United States District Court for the Southern District of New

2

York sentenced Reyes on July 26, 2001, to eight months in prison to run consecutively to his 37-month prison term.

On October 15, 2001, Reyes was returned to New York state custody.  A New York state court sentenced Reyes on December 11, 2001, to a state prison term of six years to life on the criminal possession of a controlled substance charge.  At the state court sentencing, the judge directed that Reyes was to serve his state sentence in a federal facility and that the state sentence was to run concurrently with the federal sentence being served.

Reyes remained in state custody until August 19, 2005, when he was released on parole from his state sentence and was transferred to BOP custody for service of his federal sentence. The BOP determined that Reyes's aggregated federal sentence of 45 months (37 months on the original drug convictions plus 8 months on the failure to appear charge) began on August 19, 2005, and that Reyes was entitled to 226 days of jail credit for the time spent in federal custody from April 13, 1998 to April 15, 1998, December 14, 1998 to December 15, 1998, and March 9, 2001 to October 15, 2001.  The BOP further calculated Reyes' projected release date, based on good conduct time, to be April 11, 2008.

Reyes promptly filed a request to the BOP for a nunc pro tunc designation and seeking prior custody credit for the time he spent in state custody serving his state sentence.  In a letter issued to petitioner, dated December 19, 2005, the Northeast

3

Regional Office denied Reyes' request for a <u>nunc</u> <u>pro</u> <u>tunc</u>
designation, "[b]ased upon a review of [Reyes'] sentencing order,
the application of the federal statutes, [Reyes'] past criminal
history, and the discretion afforded to the Bureau of Prisons,"
and because Reyes had failed to voluntarily surrender for service
of his federal sentence before the state sentence was imposed.

The Government concedes that petitioner exhausted his
administrative remedies before bringing this action.

II.   <u>CLAIMS PRESENTED</u>

Reyes claims that the BOP erroneously calculated his federal
sentence by failing to give him credit for the entire time he
spent in state custody before transfer to federal custody.   In
particular, Reyes argues that he is entitled to a credit of 54
months, that his federal sentence should be determined to have
started on July 21, 2000, when he was arrested on state drug
charges, and that he is entitled to immediate release.   Reyes
further contends that the BOP's determination contravenes the
clear intent of the state sentencing judge who ordered Reyes'
state sentence to run concurrent with the federal sentence and to
be served in a federal facility.

III.   <u>ANALYSIS</u>

The Court recognizes that a <u>pro</u> <u>se</u> pleading is held to less
stringent standards than more formal pleadings drafted by
attorneys.   <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v.</u>

4

Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition

should be construed liberally and with a measure of tolerance.

See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.

Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because

Reyes is proceeding pro se in his application for habeas relief,

the Court will accord his petition the liberal construction

intended for pro se litigants.

A.   Jurisdiction

Section 2241 of Title 28 of the United States Code provides

in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas

jurisdiction to hear the petition of a federal prisoner who is

challenging not the validity but the execution of his sentence."

Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A

petition for a writ of habeas corpus under 28 U.S.C. § 2241 in

the district where the prisoner is confined provides a remedy

"where petitioner challenges the effects of events 'subsequent'

to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.

1976)(challenging erroneous computation of release date).  See

also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where

petitioner alleged a claim for credit for time served prior to federal sentencing).

Moreover, if the BOP erred in calculating Reyes' sentence by not applying credit for the time he spent in state custody, then Reyes would be entitled to immediate release from prison, and his continued confinement would constitute a miscarriage of justice that can be corrected only through habeas corpus. Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Reyes does not challenge the imposition of the sentence, but instead challenges the execution of the sentence based on the BOP's alleged error in not giving him credit against his federal sentence for the full time served in state custody. See Barden v. Keohane, 921 F.2d at 478-79; 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

B.   Computation of Federal Sentence

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).

6

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis"

7

credit.   See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

    Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence.   The Supreme Court has made clear that inmates are not allowed to "double count" credit.   See United States v. Wilson, 503 U.S. 329 (1992).

    Also relevant to this petition is the concept of "primary jurisdiction."   When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who first acquires custody has primary jurisdiction over the defendant.   Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).   Primary jurisdiction remains vested in the jurisdiction which first arrested defendant until that jurisdiction relinquishes its priority by bail release, dismissal of state charges, parole release, or expiration of sentence.   Id.

C.    Commencement of Petitioner's Federal Sentence

In this case, Reyes contends that his federal sentence commenced on July 21, 2000, the day state authorities arrested him on state drug charges.  He bases this assertion on the fact that the state court sentencing judge directed that the state sentence run concurrent to the 1998 federal sentence and that the state sentence be served in a federal facility.

Respondent counters that petitioner's federal sentence did not commence until August 19, 2005, the date Reyes was paroled from his state sentence and transferred to federal custody. Respondent argues that since Reyes did not voluntarily surrender to BOP custody as ordered on January 18, 1999, his federal sentence did not begin until Reyes was "received in custody awaiting transportation to" a federal facility on August 19, 2005.   18 U.S.C. § 3585(a).

Title 18 of the United States Code, section 3585(a) states:

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Here, it is plain that Reyes did not voluntarily surrender to the BOP in January 1999, and therefore, his federal sentence did not commence until he was transferred to the BOP custody on August 19, 2005.  The Court finds the BOP's determination as to the commencement of petitioner's federal sentence to be

consistent with § 3585(a).  There is no basis for Reyes'
contention that his federal sentence commenced when he was taken
into state custody on July 21, 2000 on unrelated charges.  See
Ludy v. Warden, FCI McKean, 2006 WL 3759738 (W.D.Pa. Dec. 19,
2006).

Moreover, the fact that the state sentencing judge may have
directed that the state sentence run concurrently with the
federal sentence has no bearing on when federal custody commences
for purposes of determining the starting date of the federal
sentence.  See Del Guzzi v. United States, 980 F.2d 1269, 1270
(9th Cir. 1992)(state judge's authority was limited to sending
petitioner to state prison to serve his sentence regardless of
the direction that the federal and state sentences be served
concurrently and that the state sentence be served in a federal
facility); Coccimiglio v. DeRosa, 2006 WL 1897269 (D. Ariz. July
7, 2006).

D.   Petitioner is Not Entitled to Prior Custody Credit

Reyes next claims that the BOP erred in refusing to award
him prior custody credit for the entire time he spent in state
custody before he was transferred to federal custody.  He argues
that the BOP should have had his state and federal sentences run
concurrently pursuant to a nunc pro tunc designation, stressing
that the state court judge intended that the state and federal
sentences were to run concurrently and that the state sentence be

10

served in a federal facility. Moreover, Reyes contends that the U.S. Marshals erred in failing to return Reyes to federal custody for service of the remainder of his federal sentence and the concurrently imposed state sentence.

In denying Reyes' request for a <u>nunc pro tunc</u> designation and prior custody credit for the entire time spent in state custody, the BOP determined that Reyes was entitled to prior custody credit of 223 days for the time periods, April 13, 1998 to April 15, 1998; December 14, 1998 to December 15, 1998; March 9, 2001 to October 15, 2001.[1] The BOP further noted that Reyes was not entitled to additional prior custody federal credit for the time spent in state custody because that time was credited towards his state sentence. New York State also applied prior custody credit from July 21, 2000 through March 8, 2001, and from October 15, 2001 through December 31, 2001, for a total of 308 days.

Reyes is not entitled to credit his federal sentence with time already credited against his state sentence where the state sentence is the primary jurisdiction. <u>See</u> <u>Wilson</u>, 503 U.S. at 337. Generally, the sovereign which first arrests an individual acquires primary jurisdiction for purposes of trial, sentencing, and incarceration. The arresting sovereign retains primary

---

[1] This credit was applied because the state did not grant Reyes credit for the time he spent in custody awaiting disposition of the federal failure to appear charge.

11

jurisdiction unless it relinquishes it by (1) releasing the prisoner on bail; (2) dismissing the charges; (3) releasing the prisoner on parole; or (4) the expiration of the sentence.  U.S. v. Cole, 416 F.3d 894, 897 (8th Cir. 2005).  A sovereign does not relinquish authority by producing a state prisoner for sentencing in a federal court via a writ of habeas corpus ad prosequendum. See Cole, 416 F.3d at 896-897; Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991).

In this case, the State of New York obtained primary jurisdiction over Reyes on July 21, 2000, when Reyes was arrested by New York City officials on unrelated drug charges.[2]  New York did not relinquish primary jurisdiction over Reyes even though Reyes was released to federal custody on a writ of ad prosequendum for a short period of time in 2001 on the federal failure to appear charge.  See Cole, 416 F.3d at 896-897; Thomas v. Brewer, 923 F.2d at 1365.  Primary jurisdiction did not revert to the United States until Reyes was paroled from his state sentence and transferred to the BOP for service of his federal

---

[2]  While the United States may have had primary jurisdiction over Reyes in 1998, such jurisdiction was relinquished when Reyes was released on bond.  Reyes remained on bail when he was sentenced in December 1998.  His bail was revoked, in January 1999, for petitioner to surrender custody for service of his federal sentence, but Reyes failed to appear for his scheduled conference or to surrender custody as directed.  Therefore, the United States did not have primary jurisdiction when Reyes was arrested by New York City officials in July 2000, more than one year after he had fled to avoid federal custody.

sentences.  See Del Guzzi v. United States, 980 F.2d 1269 (9th
Cir. 1992).

   This Court finds no authority for the proposition that the
United States had primary jurisdiction over Reyes based on the
outstanding warrant issued in January 1999 for Reyes' failure to
appear to serve his 1998 federal sentence.  That warrant was not
executed until after Reyes had been in state custody, and the
State of New York did not relinquish primary jurisdiction, nor
did the BOP obtain custody of petitioner until he was released on
parole from his state sentence on August 19, 2005.

   Moreover, because the State of New York had primary
jurisdiction over petitioner, there was no authority for the U.S.
Marshals to return Reyes to federal custody for service of the
remainder of his federal sentence, as suggested by petitioner.
Petitioner's argument that the state sentencing judge intended
the sentences to be concurrent and the state sentenced be served
in a federal facility is not availing.  A federal sentence and
state sentence are presumed to be imposed consecutively unless
the federal court specifically indicates otherwise.  18 U.S.C. §
3584(a).  Here, Reyes' initial federal sentence was imposed long
before the unrelated state charges even arose, and could not have
been imposed concurrently to a state sentence which did not even
exist.  As to the 8 month sentence on the failure to appear

13

charge, the federal court expressly made that sentence
consecutive to the initial federal sentence.

Therefore, pursuant to § 3585(b), Reyes is not entitled to
prior custody credit against his federal sentence for the entire
time served in state custody while he was in the primary
jurisdiction of the State of New York.

E.   No Abuse of Discretion in Denying Nunc Pro Tunc Designation

In this case, the BOP considered petitioner's request for
nunc pro tunc designation and denied it, in accordance with the
discretion it is given under § 3621(b) to designate the place of
the prisoner's imprisonment.  Therefore, "any further review of
the Bureau's action will be limited to abuse of discretion."
Barden, 921 F.2d at 478.  "[S]uch a designation by the BOP is
plainly and unmistakably within the BOP's discretion and [the
court] cannot lightly second guess a deliberate and informed
determination by the agency charged with administering federal
prison policy."  Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir.
2002)(emphasis added)(citing McCarthy v. Doe, 146 F.3d 118, 123
(2d Cir. 1998), cert. denied, 537 U.S. 1119 (2003); Barden, 921
F.2d at 478).

Here, the record shows that the BOP adhered to the Program
Statement 5160.05[3] and Barden v. Keohane (holding that prisoner

---

[3]      Program Statement 5160.05 states, in relevant part:

(9)  **CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**

(a)   Concurrent service of federal and non-federal sentences
      in a non-federal institution occurs when the Bureau
      designates a non-federal institution for service of the
      federal sentence.  Ordinarily, the reason for selecting
      the non-federal institution is that the primary custody
      resided with the non-federal jurisdiction and the
      federal sentencing court intended its sentence be
      served concurrently with the non-federal sentence.

(b)   When an inmate is sentenced in both federal and state
      jurisdictions, care must be taken to ensure that he or
      she is suitable for federal designation.  Normally,
      designating a non-federal institution for the inmate is
      done when it is consistent with the federal sentencing
      court's intent.  Ordinarily, this intent is made known
      in one of the following ways:

    (1)   **Court Order.**  The sentencing court orders, on the
          Judgment and Commitment Order or the Judgment in a
          Criminal Case (J&C), that the federal sentence be
          served concurrently with a state sentence.
                          ***

    (2)   **Court Recommendation of Non-Federal Confinement.**
          The sentencing court recommends a non-federal
          institution as the place of confinement on the
          J&C.
                          ***

    (3)   **Concurrent Service of Sentence After Imposition.**
          The court may, from time to time, order concurrent
          service of the federal sentence at some time after
          its imposition.
                          ***

    (4)   **Inmate Request.**  Occasionally, an inmate may
          request a <u>nunc</u> <u>pro</u> <u>tunc</u> (i.e., occurring now as
          though it had occurred in the past) designation.
          As a result of the decision in <u>Barden v. Keohane</u>,
          921 F.2d 476 (3d Cir. 1990), the Bureau considers
          an inmate's request for pre-sentence credit toward
          a federal sentence for time spent in service of a
          state sentence as a request for a <u>nunc</u> <u>pro</u> <u>tunc</u>
          designation.

        (a)   In <u>Barden</u>, the court held that the Bureau
              must consider an inmate's request for
              concurrent service of the state and federal
              sentences.

            *     However, there is no obligation under
                  <u>Barden</u> for the Bureau to grant the

15

request by designating a state institution retroactively as the place to serve the federal sentence.

(b)   This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution.  Information will be gathered, if available, to include:

*   a copy of the federal and state J&Cs,
*   the state sentence data record to include jail credits, and
*   any other pertinent information relating to the federal and state sentences.

(c)   In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

(d)   If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

(e)   No letter need be written if it is determined that a concurrent designation is not appropriate.  If the court has indicated previously that its language on judgments is sufficient for designation of a state institution for service of the federal sentence, then no further letters need be written.

When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case . . . The RISA will notify the inmate of the decision in

16

was entitled to have the BOP consider his request to designate state prison as "place of confinement" for purposes of determining whether prisoner was entitled to credit against his federal sentence for time spent in state custody).

Here, the Court does not find an abuse of discretion by the BOP in denying Reyes' request for nunc pro tunc designation.  The BOP considered the federal sentencing orders, the applicable federal statutes, Reyes' criminal history, and the fact that Reyes had failed to surrender for service of his federal sentence before the state sentence was imposed (even before he was arrested on the unrelated state drug charges).  All of these factors support the BOP's decision.

Nevertheless, petitioner contends that the BOP's refusal contradicts the state court sentencing judge, who directed that the state sentence be served in a federal facility and that it run concurrently with Reyes' federal sentence.  However, it is not an abuse of discretion for the BOP to refuse to adhere to a

---

writing and place a copy of this notification in the J&C file.
(f)  The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation).

state sentencing order that requests concurrent sentences.  As the Ninth Circuit has noted:

> Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials.  Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

Del Guzzi, 980 F.2d at 1272-73; see also McCarthy, 146 F.3d at 120-21; Hawley v. United States, 898 F.2d 1513 (11th Cir. 1990). In this case, the state court's order that the state sentences run concurrently to Petitioner's federal sentence is not binding on the federal court, or on the BOP.

Therefore, the BOP's denial of petitioner's request for a nunc pro tunc designation was a well-informed and deliberate decision, and does not indicate an abuse of discretion.  Reyes' petition for habeas relief on this ground will be denied for lack of merit.

### CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied.  An appropriate Order accompanies this Opinion.


NOEL L. HILLMAN
United States District Judge

Dated: February 23, 2007
At Camden, New Jersey

18