**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAUL REYES, | : | |
| | : | Civil Action No. 06-3819 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES SAMUEL, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    RAUL REYES, Petitioner Pro Se
    # 43502-054
    555I Cornell Drive
    Phillipsburg, PA 16866[1]

**HILLMAN**, District Judge

This matter comes before the Court upon the letter motion of pro se petitioner, Raul Reyes ("Reyes"), asking the Court to reopen the time for appeal. Plaintiff's motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied.

                **I.  BACKGROUND**

On or about August 15, 2006, Reyes filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking his immediate release based on his challenge to the Bureau of

---

[1] The Court will direct the Clerk of the Court to make note of the change of address for the petitioner and reflect his current address on the docket.

Prison's ("BOP") calculation of his federal sentence. The respondent filed an answer in October 2006. On February 23, 2007, this Court issued an Opinion and Order denying the petition on the merits.[2] On August 7, 2007, 161 days after entry of the February 2007 Order, Reyes filed a notice of appeal. In his letter notice, Reyes states that, shortly after his petition was denied, he was transferred to the Moshannon Valley Correctional Center in Phillipsburg, Pennsylvania. He claims that the conditions at the facility were harsh compared to FCI Fort Dix. The shock from dealing with these conditions and his lack of legal knowledge prevented Reyes from filing his notice of appeal in a timely manner. (Petitioner's Notice of Appeal, Docket Entry No. 16).

In an Order dated November 16, 2007, the United States Court of Appeals for the Third Circuit dismissed Reyes' appeal as untimely. Specifically, the Court of Appeals stated:

> The District Court's order was entered on February 27, 2007, but Appellant did not file his document that was construed as a notice of appeal until August 7, 2007, or 161 days after entry of the District Court's order. Accordingly, Appellant's appeal is untimely, and we lack jurisdiction. Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007). Our determination that the notice of appeal was untimely filed is without prejudice to any action that the District Court may wish to take upon that document, which appears to request that the District Court reopen the time for appeal.

(November 16, 2007 Order, Docket Entry No. 19).

---

[2] The Order was actually entered on the docket on February 27, 2007.

2

On or about December 19, 2007, Reyes filed a letter with this Court asking to reopen the time to appeal. Reyes refers to his notice of appeal and the reasons stated therein for his inability to timely file his notice of appeal.

## II.  ANALYSIS

Under 28 U.S.C. § 2107(a), parties must file notices of appeal within 30 days of the entry of the judgment being appealed. Bowles v. Russell, __ U.S. __, 127 S.Ct. 2360, 2363 (2007). "District courts have limited authority to grant an extension of the 30-day time period." Id. Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides the district court's authority to extend the time in which a party may file a notice of appeal. Rule 4(a)(5) provides:

> (A) The district court may extend the time to file a notice of appeal if:
> (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed.R.App.Pro., 4(a)(5).

Rule 4(a)(5) does not provide a basis for the court to allow a late appeal in this case. Reyes has not shown that he filed

3

his notice of appeal, or his application to reopen the time for appeal, within the statutory 30-day filing period.  Instead, the record shows that Reyes first filed his "notice of appeal" more than three months after entry of judgment in this case.  Rule 4(a)(5) allows the court to extend the time to file an appeal if a party, within 30 days of the original 30-day deadline to appeal, files an application showing excusable neglect or good cause.  Thus, notwithstanding the requirement to show excusable neglect or good cause, Reyes had until April 28, 2007 to file his motion (30 days after the original 30-day appeal deadline).  He did not file his notice of appeal or motion to extend time for appeal until August 7, 2007.[3]  Accordingly, this Court has no power to provide Reyes with additional time in which to appeal pursuant to Rule 4(a)(5).

There is one other rule that allows for late appeals.  If certain conditions are met, the court has the statutory authority to grant motions to reopen the time for filing an appeal for 14 days.  28 U.S.C. § 2107(c).  Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the court's authority to reopen and

---

[3] This Court further notes that Reyes did not provide notice to the respondent when he filed his request to file his appeal out of time on August 7, 2007, as required under Rule 4(a)(5)(B).  Reyes also did not give notice to respondent when filing the present application to reopen the time to file his appeal.

extend the time for filing a notice of appeal after the lapse of the usual 30 days.  This rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).

Rule 4(a)(6) likewise provides no assistance to petitioner here.  Reyes claims only that the conditions of his confinement after transfer were harsh and he needed time to adjust to the shock.  He also pleads ignorance of the law.  However, he does not allege that he did not receive notice of the court's entry of judgment.  The purpose of Rule 4(a)(6) is only to soften the harsh penalty of losing one's right to appeal because of the court's failure to notify a party of a judgment, not to allow parties to file late appeals.  See Arai v. American Bryce Ranches, Inc., 316 F.3d 1066, 1070 (9th Cir. 2003).  Consequently, this court has no power to reopen the time in which to appeal pursuant to Rule 4(a)(6).

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement; there is no equitable exception to

this jurisdictional requirement.  Bowles, 127 S.Ct. at 2366.  Therefore, this Court has no authority or ability to allow Reyes to file an appeal at this late date.  The Court is constrained to deny petitioner's motion to reopen accordingly.

### III. CONCLUSION

For the reasons expressed above, Reyes' motion to reopen the time to appeal will be denied.  An appropriate Order follows.


        s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey

Dated: January 25, 2008